**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO:**

Jacob Palmquist, and all others similarly
situated*,*

      Plaintiff(s),

      v.

OFFI Island Wing Rolling Oaks, LLC, and
John D. Weissfisch, individually,

      Defendants.
_____/

## CLASS/COLLECTIVE ACTION COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

Plaintiff, JACOB PALMQUIST ("Plaintiff") on behalf of himself and all others

similarly situated, pursuant to *29 U.S.C. § 216(b)*, *Fed. R. Civ. P. 23*, *Fla. Stat. § 448.440*,

files the following Class/Collective Action Complaint for Damages and Demand for

Jury Trial against Defendants, OFFI ISLAND WING ROLLING OAKS, LLC,

(hereinafter "ISLAND WINGS") and JOHN D. WEISSFISCH ("WEISSFISCH")

(Island Wings and Weissfisch collectively hereinafter "DEFENDANTS") for

Defendants' failure to pay Servers and Bartenders state and federal minimum wages,

as follows:

**INTRODUCTION**

1.      Plaintiff brings this class and collective action under the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act ("FMWA") and Art. X, Sec. 24 of the Florida Constitution on behalf of himself and all Servers and Bartenders who work or have worked at the Island Wings restaurant located at 3267 Rolling Oaks Blvd., Kissimmee, FL 34747 during the applicable statute of limitations. Defendants committed federal and state minimum wage violations because they failed to provide Servers and Bartenders with statutorily required tip notice. Defendants also compensated Servers and Bartenders below the state and federal minimum wage during a plethora of workweeks as a result of the unlawful pay policies alleged herein during various workweeks within the previous five (5) years.

**PARTIES**

1.      During all times material hereto, Plaintiff was a resident of Osceola County, Florida, was over the age of 18 years, and was otherwise *sui juris.*

2.      Plaintiff worked for Defendants as a Server and Bartender at Defendants' restaurant located at 3267 Rolling Oaks Blvd., Kissimmee, FL 34747 from in or around September 2022 until on or about January 17, 2023.

3.      Plaintiff and the **FLSA putative collective members** are/were restaurant Servers and Bartenders who worked for Defendant within the last three (3) years at the Island Wings restaurant located at 3267 Rolling Oaks Blvd., Kissimmee, FL 34747.

4.     Plaintiff and the **FMWA putative class members** are/were restaurant Servers and Bartenders who worked for Defendant within the last five (5) years at the Island Wings restaurant located at 3267 Rolling Oaks Blvd., Kissimmee, FL 34747.

5.     Plaintiff seeks certification of two (2) collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

> **Tip Notice Collective**: All Servers and Bartenders who were not provided federal tip credit notice within the previous three (3) years.
>
> **Federal Minimum Wage Collective**: All Servers and Bartenders who were paid less than $7.25 per hour during any workweek within the previous three (3) years.

6.     Plaintiff seeks certification of two (2) separate classes under Fed. R. Civ. P. 23, the FMWA, and Florida Constitution for Florida Minimum Wage violations, as follows:

> **Tip Notice Class**: All Servers and Bartenders who were not provided Florida tip credit notice within the previous five (5) years.
>
> **Florida Minimum Wage Class**: All Servers and Bartenders who were paid less than the applicable Florida Minimum during any workweek within the previous five (5) years.

7.     The precise size and identity of each class and collective should be ascertainable from the business records, tax records, and/or personnel records of Defendants; however, Plaintiff estimates that the total number of members in each class and collective exceeds 50 Servers and Bartenders.

8.    During all times material hereto, Defendant ISLANDS WINGS was a Florida limited liability company doing business within the jurisdiction of this Honorable Court. ISLAND WINGS is headquartered at 3267 Rolling Oaks Blvd., Kissimmee, FL 34747.

9.    During all times material hereto, Defendant ISLAND WINGS was vested with control and decision-making authority over the scheduling, hiring, firing day-to-day operations, and pay practices that pertained to Plaintiff and all other similarly situated individuals.

10.    Defendant ISLAND WINGS was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

11.    During all times material hereto, Defendant WEISSFISCH was a managing member of Defendant ISLAND WINGS and regularly and recurrently conducted business within the jurisdiction of this Honorable Court.

12.    During all times material hereto, Defendant WEISSFISCH was also vested with control and decision-making authority over the scheduling, hiring, firing day-to-day operations, and pay practices that pertained to Plaintiff and all other similarly situated individuals.

13.    Defendant WEISSFISCH was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

14.    During all times material hereto, Defendants were Plaintiff's "joint employer" as that term is defined by the FLSA and pertinent regulations.

## JURISDICTION AND VENUE

15. This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the Florida Minimum Wage Act ("FMWA") and Article X Section 24 of the Florida Constitution to recover damages from Defendants.

16. This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

17. The acts and/or omissions giving rise to this dispute took place within Osceola County, Florida, which falls within the jurisdiction of this Honorable Court.

18. Defendants regularly transact business in Osceola County, Florida, and jurisdiction is therefore proper.

19. Venue is also proper within Osceola County, Florida.

20. Plaintiff fulfilled all conditions precedent required to bring his class action claims under the FMWA.

21. More specifically, on February 28, 2023, Plaintiff, through his counsel, served Defendants with a written pre-suit demand letter regarding his FMWA claims, requesting Defendants to pay him and the putative FMWA classes minimum wages. Defendants refused to pay Plaintiff or the FMWA classes any wages whatsoever.

## FLSA COVERAGE

22. During his employment with ISLAND WINGS, Plaintiff and multiple other employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to: food, beverages, napkins, silverware, appliances, rice, beer, corona extra, corona light, vodka, Jack Daniels

whiskey, meat, chicken, pork, cheese, broccoli, carrots, oil, chicken wings, mahi-mahi, onions, peppers, shrimp, beef, steak, potatoes, bread, taco shells, hot sauce, BBQ sauce, cheese, buns, jalapenos, celery sticks, yellowfin tuna, tomatoes, fajitas, salt, other food items, restaurant equipment, chairs, tables, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, mints, flour, sugar, coffee, tea, soda, water bottles, and other goods and materials that previously travelled through interstate commerce.

23.     Defendant ISLAND WINGS regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making ISLAND WINGS an enterprise covered by the FLSA.

24.     Defendant ISLAND WINGS grossed or did business in excess of $500,000.00 in 2020, 2021, 2022 and is expected to gross in excess of $500,000.00 in 2023.

25.     Defendant ISLAND WINGS is covered by the Florida Minimum Wage Act and Florida Constitution by virtue of its coverage under the FSLA.

26.     During his employment with Defendants, Plaintiff: (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii); did not make any decisions of importance on behalf of Defendants; and (iv) was not required to possess any advanced or prolonged education in order to perform any of his primary duties and responsibilities.

27.     During all material times hereto, Plaintiff was a non-exempt employee of Defendants, within the meaning of the FLSA.

## DEFENDANTS FAIL TO PROVIDE SUFFICIENT NOTICE OF THE TIP CREDIT TO SERVERS AND BARTENDERS

28.     When Defendants hire Servers and Bartenders, they fail to provide sufficient notice of the tip credit under federal and Florida law.

29.     Defendants also fail to provide Servers and Bartenders with the requirements for a valid tip pool, as required by 29 U.S.C. § 203(m).

30.     Nevertheless, during all times material hereto, Defendants attempted to claim a tip credit under federal and Florida law.

## DEFENDANTS PAY SERVERS AND BARTENDERS UNDER THE FLORIDA MINIMUM WAGE

31.     During all times material hereto, Defendants did not pay Servers and Bartenders any hourly wage.

32.     Instead, during certain time periods within the previous five (5) years, Servers and Bartenders earned a percentage of the service charges that were collected by the restaurant.

33.     However, during various workweeks within the statute of limitations, Defendants paid Plaintiff, and all other Servers and Bartenders, less than the applicable minimum wage in one or more workweeks.

## CLASS ALLEGATIONS

34.   Class members are treated equally and similarly at the Island Wings restaurant that is owned and operated by Defendants, in that Defendants failed to provide Servers and Bartenders with statutory tip notice during certain workweeks within the previous five (5) years.

35.   Class members are treated equally and similarly at the Island Wings restaurant that is owned and operated by Defendants, in that Defendants paid class members less than the Florida and federal minimum wage in one or more workweeks during the previous five (5) years.

36.   Class members are treated equally and similarly at the Island Wings restaurant that is owned and operated by Defendants, in that class members were similarly impacted by Defendants' policy of paying Servers and Bartenders a percentage of service charges collected by the restaurant, irrespective of how many hours Servers and Bartenders actually worked.

37.   Defendants employed at least fifty (50) Servers and Bartenders at their 3267 Rolling Oaks Blvd., Kissimmee, FL 34747 restaurant who were not provided the required tip notice during the past five (5) years.

38.   Defendants employed at least fifty (50) Servers and Bartenders at their 3267 Rolling Oaks Blvd., Kissimmee, FL 34747 restaurant who were paid less than the Florida minimum wage during the past five (5) years.

39.   Defendants employed at least fifty (50) Servers and Bartenders at their 3267 Rolling Oaks Blvd., Kissimmee, FL 34747 restaurant who were not paid an

hourly wage and received less than the state minimum wage for their total hours worked during one or more workweeks within the previous five (5) years.

40.    At all times material hereto, Defendants had express or constructive knowledge of the work performed by Plaintiff and all other similarly situated Servers and Bartenders.

41.    Plaintiff and the class members performed the same or substantially similar job duties for Defendants at their 3267 Rolling Oaks Blvd., Kissimmee, FL 34747 restaurant, as Servers and Bartenders, and were otherwise paid in an identical manner by Defendants.

42.    During their employment, Plaintiff and one or more members of the class complained about the illegal practices above; however, Defendants failed to take action to rectify their illegal pay practices.

43.    Although Defendants were aware of the requirements of the FLSA, Florida Constitution and FMWA, and the pertinent regulations thereto, Defendants willfully and/or intentionally failed to pay Plaintiff and the class members in accordance with state and federal law.

## COUNT I – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (TIP NOTICE COLLECTIVE)

44.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 43 as though set forth fully herein.

45.     Defendants claimed a tip credit during certain workweeks within the previous three (3) years, despite failing to provide Servers and Bartenders with statutory tip notice.

46.     Defendants also failed to provide Servers and Bartenders with the requirements for a tip pool pursuant to 29 U.S.C. 203(m) during the previous three (3) years.

47.     Plaintiff and the putative collective of Servers and Bartenders are entitled to receive full federal minimum wage of $7.25 per hour for every hour of work within the previous three (3) years.

48.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for himself and the following similarly situated Tip Notice Collective:

**All Servers and Bartenders who were not provided federal tip credit notice within the previous three (3) years.**

49.     Defendants willfully failed to pay Plaintiff federal minimum wages, contrary to the FLSA.

50.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during his employment with Defendants.

51.     Defendants' willful and/or intentional violations of law entitles Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JACOB PALMQUIST, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, OFFI

ISLAND WING ROLLING OAKS, LLC, and JOHN D. WEISSFISCH, individually, and award Plaintiff, and the putative collective: (a) unliquidated federal minimum wage damages to be paid by Defendants, jointly and severally; (b) the tip credit unlawfully claimed by Defendants, payable jointly and severally; (c) liquidated damages to be paid by Defendants, jointly and severally; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA to be paid by Defendants, jointly and severally; and any and all such further relief as this Court deems just and reasonable under the circumstances.

## COUNT II – FED. R. CIV. P. 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS (TIP NOTICE CLASS)

52.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 43 as though set forth fully herein.

53.     Defendants violated the terms of F.S. § 448.110 and the Florida Constitution's minimum wage requirements by taking a tip credit toward the applicable Florida minimum wage but failing to provide Servers and Bartenders with the statutorily required tip notice during certain workweeks within the previous five (5) years.

54.     Defendants also failed to inform all other Servers and Bartenders employed during the previous five (5) years, of the following: (1) Servers and Bartenders' cash wage was not permitted to be less than the applicable tipped hourly rate; (2) the additional amount received in tips by Servers and Bartenders was required to be equal to the difference between the hourly rate paid and the full minimum wage;

(3) the provisions of Section 203(m) of the FLSA; or (4) all tips received by Servers and Bartenders must be retained by them.

55.     Defendants therefore forfeit any tip credit under Florida law and owe each Server and Bartender *at least* $3.02 for each hour of work they performed as tipped employees during the previous five (5) years.

56.     On February 28, 2023, Plaintiff served Defendants with a written pre-suit Notice pursuant to Fla. Stat. § 448.110, on behalf of himself and a class of all similarly situated Servers and Bartenders.

57.     More than 15 days have passed since Plaintiff served Defendants with written pre-suit Notice and Defendants have failed to tender full payment to Plaintiff or the class.

58.     In 2019, the Florida Minimum Wage was $8.46 per hour.

59.     In 2020, the Florida Minimum Wage was $8.56 per hour.

60.     From January 1, 2021, through September 29, 2021, the Florida Minimum Wage was $8.65 per hour.

61.     From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

62.     From September 30, 2022, through the present the Florida Minimum Wage is/was $11.00 per hour.

63.     Plaintiff and the proposed Tip Notice Class members were subjected to similar violations of the FMWA and Florida Constitution.

64.     Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendants' failure to pay Florida minimum wages in accordance with the Florida Constitution:

> **All Servers and Bartenders who were not provided Florida tip credit notice within the previous five (5) years**

### RULE 23 CLASS ALLEGATIONS

65.     Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Notice Class").

66.     The putative Tip Notice Class members are treated equally and similarly by Defendants, in that they were denied full and proper Florida minimum wages based on Defendants' failure to provide Servers and Bartenders proper tip notice under Florida law.

67.     *Numerosity:* Defendants employed in excess of fifty (50) Servers and Bartenders in the class during the previous five (5) years who were not provided the required tip notice; nevertheless, Defendants claimed a tip credit for all Servers and Bartenders. Given Defendants' considerable size and the systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

68.     *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff. Such questions common to the Class include,

but are not limited to the following: (a) Whether Plaintiff and the Tip Credit Class were Defendants' "employees"; (b) Whether Defendants violated the Florida minimum wage rights of Plaintiff and the Tip Notice Class under the FMWA by failing to provide sufficient notice of taking a tip credit; (c) Whether Defendants provided Plaintiff and all other Servers and Bartenders with the requirements for a valid tip pool under 29 U.S.C. 203(m); (d) Whether Defendants willfully or intentionally violated the Florida Minimum Wage Act; (e) Whether Defendants knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and (f) The nature, extent, and measure of damages suffered by Plaintiff and the Tip Notice Class based upon Defendants' conduct.

69.     *Typicality:* Plaintiff's claims are typical of the claims of the members of the Tip Notice Class.  Plaintiff's claims arise from Defendants' company-wide policy of failing to provide the required tip credit notice.

70.     *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Notice Class.  Plaintiff has no interest that might conflict with the interests of the Tip Notice Class.  Plaintiff is interested in pursuing his claims against Defendants vigorously and has retained counsel competent and experienced in class and complex litigation.

71.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

72. Defendants have acted on grounds generally applicable to the Tip Notice Class, thereby making relief appropriate with respect to the Tip Notice Class as a whole. Prosecution of separate actions by individual members of the Tip Notice Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Notice Class that would establish incompatible standards of conduct for Defendants.

73. Without a class action, Defendants will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Notice Class.

74. Plaintiff and the Tip Notice Class members performed similar job duties, as Servers and Bartenders, and were damaged in an identical manner by Defendants based on Defendants' failure to provide Tip Notice Class members the appropriate tip credit notice.

75. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of putative Tip Notice Class members exceeds fifty (50) Servers and Bartenders.

76.     This action is intended to include every Server and Bartender who worked at Defendants' restaurant located at 3267 Rolling Oaks Blvd., Kissimmee, FL 34747, during the previous five (5) years who was not provided the requisite tip credit notice during any workweek.

77.     During all material times hereto, Plaintiff and all Tip Notice Class members were non-exempt Server and Bartender employees of Defendants.

78.     Plaintiff and the Tip Notice Class members performed work as Servers and Bartenders which was an integral part of Defendants' business.

79.     A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

80.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.   Absent these actions, many members of the class likely will not obtain redress of their damages and Defendants will retain the proceeds of their violations of the FMWA and Florida Constitution.

81.     Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

82.     Defendants were aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Notice Class members in accordance with the law.

WHEREFORE, Plaintiff, JACOB PALMQUIST, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, OFFI ISLAND WING ROLLING OAKS, LLC, and JOHN D. WEISSFISCH, individually, and award Plaintiff, and all others similarly situated: (a) unliquidated Florida minimum wages payable by Defendants, jointly and severally; (b) an equal amount of liquidated damages payable by Defendants, jointly and severally; (c) all reasonable attorney's fees and litigation costs permitted by the Florida Constitution and Fla. Stat. § 448.110 payable by Defendants, jointly and severally; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT III – FEDERAL MINIMUM WAGE VIOLATIONS – 29 U.S.C. § 206 (FEDERAL MINIMUM WAGE COLLECTIVE)

83.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 43 as though set forth fully herein.

84.     Defendants refused to pay Plaintiff and all other similarly situated employees the federal minimum wage during one or more workweeks during the previous three (3) years.

85.     During all times material hereto, Defendants did not pay Plaintiff, or any other Server or Bartender, any hourly wage; instead, Defendants paid Servers and

Bartenders a percentage of all service charges collected by the restaurant. This led to minimum wage violations during various workweeks.

86.　Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following similarly situated Collective:

**All Servers and Bartenders who were paid less than $7.25 per hour during any workweek within the previous three (3) years**

87.　Plaintiff claims the federal minimum wage rate of $7.25 per hour for all work up to forty (40) hours per week during his employment period with Defendants.

88.　Defendants willfully and intentionally refused to pay Plaintiff and similarly situated Servers and Bartenders federal minimum wages as required by the FLSA, as Defendants knew or should have known of the FLSA's minimum wage requirements.

89.　Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

90.　Defendants' willful and/or intentional violations of the FLSA entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JACOB PALMQUIST, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, OFFI ISLAND WING ROLLING OAKS, LLC, and JOHN D. WEISSFISCH, individually, and award Plaintiff: (a) unliquidated damages payable by Defendants, jointly and severally; (b) liquidated damage payable by Defendants, jointly and severally; (c) reasonable attorney's fees and costs payable by Defendants, jointly and

severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT IV – FLORIDA MINIMUM WAGE VIOLATIONS
## (FLORIDA MINIMUM WAGE CLASS)

91.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 43 as though set forth fully herein.

92.     Defendants refused to pay Plaintiff and all other similarly situated employees the Florida minimum wage during one or more workweeks during the previous five (5) years.

93.     During all times material hereto, Defendants did not pay Plaintiff, or any other Server or Bartender, any hourly wage; instead, Defendants paid Servers and Bartenders a percentage of all service charges collected by the restaurant. This led to Florida minimum wage violations during various workweeks.

94.     Plaintiff and all other similarly situated Servers and Bartenders are/were entitled to be paid full Florida minimum wage for each hour worked during their employment with Defendants.

95.     Plaintiff seeks recovery of Florida minimum wages under Fed. R. Civ. P. 23 for himself and the following Florida Minimum Wage Class because of Defendants' failure to pay constitutionally mandated state minimum wages:

> **All Servers and Bartenders who were paid less than the applicable Florida Minimum during any workweek within the previous five (5) years.**

96. Although Plaintiff and all other Servers and Bartenders were entitled to be paid the applicable Florida Minimum Wage during all times material hereto, Defendants failed to comply with Florida Minimum Wage law and failed to pay Servers and Bartenders any hourly wage whatsoever.

97. Because Plaintiff and all other similarly situated employees were not provided with tip notice, Defendants are not permitted rely on tips to satisfy their minimum wage obligations.

## RULE 23 CLASS ALLEGATIONS

98. Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all restaurant Servers and Bartenders who worked for Defendants at their restaurant at 3267 Rolling Oaks Blvd., Kissimmee, FL 34747 during the previous five (5) years.

99. The putative Florida Minimum Wage Class members are treated equally and similarly by Defendants, in that they were denied full and proper Florida minimum wages based upon the Defendants' class-wide pay policies, including but not limited to Defendants' policy of paying restaurant Servers and Bartenders a percentage of service charges collected by the restaurant, irrespective of how many hours Servers and Bartenders actually worked.

100. *Numerosity:* Defendants employed at least 50 Servers and Bartenders at its restaurant at 3267 Rolling Oaks Blvd., Kissimmee, FL 34747 during the previous five (5) years who were not paid Florida minimum wages as a result Defendants' policy of paying restaurant Servers and Bartenders a percentage of service charges collected

by the restaurant, irrespective of how many hours Servers and Bartenders actually worked.

101. Given Defendants' size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

102. Plaintiff and the Florida Minimum Wage Class members were victim to the same employment policies, including Defendants' policy of paying restaurant Servers and Bartenders a percentage of service charges collected by the restaurant, irrespective of how many hours Servers and Bartenders actually worked.

103. *Commonality:* Common questions of law and fact exist as to all members of the Florida Minimum Wage Class and predominate over any questions solely affecting any individual member of the Florida Minimum Wage Class, including Plaintiff. Such questions common to the Florida Minimum Wage Class include, but are not limited to, the following: (a) Whether Plaintiff and the Florida Minimum Wage Class were "employees" of Defendants; (b) Whether Plaintiff and the Florida Minimum Wage Class's hours were properly recorded; (c) Whether Defendants violated the Florida minimum wage rights of Plaintiff and the Florida Minimum Wage Class under the Florida Minimum Wage Act and Florida Constitution by paying Servers and Bartenders a percentage of service charges collected by the restaurant, irrespective of how many hours Servers and Bartenders actually worked; (d) Whether Plaintiff and the Florida Minimum Wage Class were paid less than the Florida Minimum Wage in one or more workweeks; (e) Whether Defendants can rely on the

tip credit to satisfy their Florida Minimum Wage obligations; (f) Whether Defendants willfully or intentionally refused to pay Plaintiff and the Florida Minimum Wage Class Florida minimum wages; (g) Whether Defendants knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper time-keeping and payroll practices; and (h) The nature, extent, and measure of damages suffered by the Plaintiff and the Florida Minimum Wage Class based upon Defendants' conduct.

104. *Typicality:* Plaintiff's claims are typical of the claims of the members of the Florida Minimum Wage Class. Plaintiff's claims arise from the Defendants' class-wide policy of paying restaurant Servers and Bartenders a percentage of service charges collected by the restaurant, irrespective of how many hours Servers and Bartenders actually worked and failing to provide these employees with additional compensation when their weekly wages equated to less than the Florida Minimum Wage for all hours worked.

105. *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Florida Minimum Wage Class. Plaintiff has no interest that might conflict with the interests of the Florida Minimum Wage Class. Plaintiff is interested in pursuing his claims against Defendants vigorously and has retained counsel competent and experienced in class and employment litigation.

106. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

107. Defendants have acted on grounds generally applicable to the Florida Minimum Wage Class, thereby making relief appropriate with respect to the Florida Minimum Wage Class as a whole. Prosecution of separate actions by individual members of the Florida Minimum Wage Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Florida Minimum Wage Class that would establish incompatible standards of conduct for Defendants.

108. Without a class action, Defendants will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Florida Minimum Wage Class.

109. Plaintiff and the Florida Minimum Wage Class members performed substantially similar job duties, as restaurant Servers and Bartenders, and were subject to the same pay policies which were implemented by Defendants.

110. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of putative Florida Minimum Wage Class members exceeds 50 restaurant Servers and Bartenders.

111. This action is intended to include each and every restaurant Server and Bartender who worked for Defendants at their restaurant located at 3267 Rolling Oaks Blvd., Kissimmee, FL 34747 during the previous five (5) years.

112. During all material times hereto, Plaintiff and all Florida Minimum Wage Class members were non-exempt Server and Bartender employees of Defendants.

113. Plaintiff and the Florida Minimum Wage Class members performed work as restaurant Servers and Bartenders which was integral to Defendants' business operations.

114. In 2019, the Florida minimum wage was $8.46 per hour.

115. In 2020, the Florida minimum wage was $8.56 per hour.

116. From January 1, 2021, until September 29, 2021, the Florida minimum wage was $8.65 per hour.

117. From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

118. From September 30, 2023, through the present, the Florida Minimum Wage is/was $11.00 per hour.

119. Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendants a Florida minimum wage demand letter before this claim was filed.

120. More than fifteen (15) calendar days have passed since Defendants received the Florida minimum wage demand letter and no payment has been tendered

by Defendants to compensate Plaintiff or the putative Florida Minimum Wage Class their Florida minimum wages.

121. Defendants were aware of the requirements of the FMWA and Florida Constitution's Minimum Wage Amendment, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Florida Minimum Wage Class members in accordance with the law.

122. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the Florida Minimum Wage Class members have been damaged in the loss of Florida minimum wages for one or more weeks of work during the previous five (5) years.

123. Defendants' willful and/or intentional violations state law entitle Plaintiff and the putative Florida Minimum Wage Class members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JACOB PALMQUIST, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, OFFI ISLAND WING ROLLING OAKS, LLC, and JOHN D. WEISSFISCH, individually, and award Plaintiff, and all others similarly situated: (a) unliquidated Florida minimum wages payable by Defendants, jointly and severally; (b) an equal amount of liquidated damages payable by Defendants, jointly and severally; (c) all reasonable attorney's fees and litigation costs permitted by the Florida Constitution and Fla. Stat. § 448.110 payable by Defendants, jointly and severally; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JACOB PALMQUIST, demands a trial by jury on all appropriate claims.

**Dated: April 7, 2023**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE S. BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on

April 7, 2023.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: